UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMIE HENDERSON, | No. 2:15-cv-0005 CKD |
| Plaintiff, | |
| v. | ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying applications for Disability Income Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act ("Act"), respectively. For the reasons discussed below, the court will deny plaintiff's motion for summary judgment and grant the Commissioner's cross-motion for summary judgment.

BACKGROUND

Plaintiff, born January 30, 1983, applied in April, 2011 for DIB and SSI, alleging disability beginning December 24, 2010. Administrative Transcript ("AT") 171-181. Plaintiff alleged she was unable to work due to anxiety and depression. AT 212. In a decision dated July

/////

/////

1

10, 2013, the ALJ determined that plaintiff was not disabled.[1]  AT 9-22.  The ALJ made the following findings (citations to 20 C.F.R. omitted):

> 1. The claimant meets the insured status requirements of the Social Security Act through June 30, 2012.
>
> 2. The claimant has not engaged in substantial gainful activity since December 24, 2010, the alleged onset date.
>
> 3. The claimant has the following severe impairments:  depression, bipolar disorder, anxiety, post-traumatic stress disorder (PTSD) and personality disorder.
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq.  Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq.  Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ."  42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A).  A parallel five-step sequential evaluation governs eligibility for benefits under both programs.  See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287 (1987).  The following summarizes the sequential evaluation:

> Step one:  Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
>
> Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
>
> Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
>
> Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
>
> Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Bowen, 482 U.S. at 146 n.5, 107 S. Ct. at 2294 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.

> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant [can] perform si8mple [sic] unskilled work with limited public and fellow employee contact.
>
> 6. The claimant is unable to perform any past relevant work.
>
> 7. The claimant was born on January 30, 1983 and was 27 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date.
>
> 8. The claimant has at least a high-school education and is able to communicate in English.
>
> 9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills.
>
> 10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.
>
> 11. The claimant has not been under a disability, as defined in the Social Security Act, from December 24, 2010, through the date of this decision.

AT 11-22.

## ISSUES PRESENTED

Plaintiff argues that the ALJ improperly rejected the opinion of a consultative examining psychologist and improperly assessed plaintiff's residual functional capacity.

## LEGAL STANDARDS

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving

1  ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted).
2  "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one
3  rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).
4  　　　The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th
5  Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's
6  conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not
7  affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see
8  also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the
9  administrative findings, or if there is conflicting evidence supporting a finding of either disability
10 or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226,
11 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in
12 weighing the evidence. See Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).
13 ANALYSIS
14 　　　A.  Medical Opinions
15 　　　Plaintiff contends that the ALJ improperly rejected the opinion of consultative examining
16 psychologist Sid Cormier, Ph.D. The weight given to medical opinions depends in part on
17 whether they are proffered by treating, examining, or non-examining professionals. Lester v.
18 Chater, 81 F.3d 821, 830 (9th Cir. 1995). Ordinarily, more weight is given to the opinion of a
19 treating professional, who has a greater opportunity to know and observe the patient as an
20 individual. Id.; Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996).
21 　　　To evaluate whether an ALJ properly rejected a medical opinion, in addition to
22 considering its source, the court considers whether (1) contradictory opinions are in the record,
23 and (2) clinical findings support the opinions. An ALJ may reject an uncontradicted opinion of a
24 treating or examining medical professional only for "clear and convincing" reasons. Lester, 81
25 F.3d at 831. In contrast, a contradicted opinion of a treating or examining professional may be
26 rejected for "specific and legitimate" reasons that are supported by substantial evidence. Id. at
27 830. While a treating professional's opinion generally is accorded superior weight, if it is
28 contradicted by a supported examining professional's opinion (e.g., supported by different

4

1    independent clinical findings), the ALJ may resolve the conflict. Andrews v. Shalala, 53 F.3d
2    1035, 1041 (9th Cir. 1995) (citing Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)). In
3    any event, the ALJ need not give weight to conclusory opinions supported by minimal clinical
4    findings. Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999) (treating physician's conclusory,
5    minimally supported opinion rejected); see also Magallanes, 881 F.2d at 751. The opinion of a
6    non-examining professional, without other evidence, is insufficient to reject the opinion of a
7    treating or examining professional. Lester, 81 F.3d at 831.

8        Dr. Cormier performed a comprehensive mental evaluation on August 12, 2011. AT 344-
9    349. Dr. Cormier assessed plaintiff with moderate impairments in the ability to perform complex
10   and detailed work as well as simple and repetitive work, maintain regular attendance, and
11   complete a normal workweek without interruptions from her anxiety and depression. AT 348.
12   Plaintiff was also found to have moderate to serious limitation in dealing with stresses
13   encountered in a competitive work situation and a mild to moderate impairment in the ability to
14   interact with coworkers and the general public. No impairment was found with respect to
15   sustained concentration, persistence, or pace, and there was no evidence of decomposition in a
16   work or work-like setting. Dr. Cormier also opined that plaintiff's impairments would improve
17   significantly if she fully participated in therapeutic services on a regular basis. Id.

18       The ALJ accorded little weight to Dr. Cormier's opinion that plaintiff had moderate
19   limitations in the ability to perform simple and repetitive work on the basis that this opinion was
20   inconsistent with the opinions of the state agency reviewing physicians and plaintiff's treating
21   physician, based on plaintiff's subjective complaints.  AT 16. In finding that the functional areas
22   assessed by Dr. Cormier as moderately impaired were not sufficiently severe non-exertional
23   limitations requiring vocational expert testimony, the ALJ also considered that the agency
24   definition of moderate means that the plaintiff can still function satisfactorily in that area. AT 17.
25   Good weight was accorded to Dr. Cormier's assessment of mild impairments in her ability to
26   interact with coworkers and the general public as consistent with Dr. Cormier's objective findings
27   and consistent with the other record medical opinions.
28   /////

As discussed by the ALJ, all of the other record medical opinions assessed plaintiff with only mild to moderate limitations. Plaintiff's treating psychologist, Dr. Kuiper, who began treating plaintiff in February 2012, opined on April 12, 2012 that plaintiff had a good ability in all functional areas with an unlimited ability to understand, remember, and carry out simple instructions. AT 401-403, 461-463. The ALJ accorded Dr. Kuiper's opinion great weight. AT 15. State agency psychologist Dr. Schwartz similarly opined in September, 2011 that plaintiff was not significantly limited in most functional areas, was only moderately limited in the ability to understand and remember and carry out detailed instructions and maintain attention and concentration for extended periods, and could remember and carry out simple instructions. AT 69-70. In May, 2012 state agency psychologist Dr. Meneese assessed plaintiff with moderate limitations in some functional areas, not significantly limited in all other areas and concluded that plaintiff had no mental limitations precluding performance of simple repetitive routine tasks. AT 79-88. Substantial weight was accorded the opinions of the state agency psychologists. AT 16.

In determining the weight to be accorded the various record medical opinions, the ALJ discussed in detail plaintiff's medical records which indicated only minimal and sporadic mental health treatment, effectiveness of medication and lack of psychiatric treatment and therapies. AT 15-20. In light of the unremarkable findings in Dr. Cormier's consultative examination and the entire medical record, the court finds no error in the ALJ's consideration of the record medical opinions.

B. Residual Functional Capacity

Plaintiff also contends that the ALJ improperly assessed her residual functional capacity. Social Security Ruling 96-8p sets forth the policy interpretation of the Commissioner for assessing residual functional capacity. SSR 96-8p. Residual functional capacity is what a person "can still do despite [the individual's] limitations." 20 C.F.R. §§ 404.1545(a), 416.945(a) (2003); see also Valencia v. Heckler, 751 F.2d 1082, 1085 (9th Cir. 1985) (residual functional capacity reflects current "physical and mental capabilities"). RFC is assessed based on the relevant evidence in the case record, including the medical history, medical source statements, and subjective descriptions and observations made by the claimant, family, neighbors, friends, or

6

other persons. 20 C.F.R. §§ 404.1545(a)(1), 404.1545(a)(3). When assessing RFC, the ALJ must consider the claimant's "ability to meet the physical, mental, sensory, and other requirements of work[.]" 20 C.F.R. §§ 404.1545(a)(4).

The ALJ assessed plaintiff with the residual functional capacity to perform a full range of work at all exertional levels, limited to simple unskilled work with limited public and fellow employee contact. Plaintiff contends this RFC does not capture all of plaintiff's mental limitations. As discussed above, both state agency physicians found that plaintiff could remember and carry out simple instructions. Moreover, as noted by the ALJ, the moderate limitations assessed by the state agency physicians indicate that plaintiff is still able to function satisfactorily in those areas assessed as moderate. See HALLEX (Hearings Appeals and Litigation Law Manual) I-2-5-20 (referencing Form HA-1152, "Medical Source Statement of Ability to do Work-related Activities (Mental)"); see also Serna v. Astrue, 2008 WL 5179033 (C.D. Cal. 2008) ("[M]oderate rating is defined as 'there is moderate limitation in this area but the individual is still able to function satisfactorily.'"). The ALJ's assessment of plaintiff's RFC is also consistent with the other medical record opinions and plaintiff's treatment record. For these reasons, the court finds that plaintiff's assessed RFC was adequately explained and grounded in substantial evidence.

CONCLUSION

For the reasons stated herein, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 13) is denied;

2. The Commissioner's cross-motion for summary judgment (ECF No. 14) is granted; and

3. Judgment is entered for the Commissioner.

Dated: January 7, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 henderson0005.ss